**TROUTMAN PEPPER LOCKE LLP**
Kate M. Geyer, AZ SBN 038901
kate.geyer@troutman.com
100 Southwest Main Street, Suite 1000
Portland, Oregon 97204
Telephone: 470.832.5588

Attorneys for Defendant CMG Mortgage, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Katherine Jackson, | Case No. _____ |
| Plaintiff, | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| v. | [28 U.S.C. §§ 1331, 1332, 1441, and 1446] |
| CMG Mortgage, Inc. | [Complaint filed February 24, 2026] |
| Defendant. | CLERK'S ACTION REQUIRED |

**TO:    The Honorable Judge and Clerk of the United States District Court for the District of Arizona;**

**AND TO: Plaintiff.**

PLEASE TAKE NOTICE that, without waiving any defenses, Defendant CMG Mortgage, Inc. ("CMG") hereby removes this action from the Superior Court of the State of Arizona, in and for the County of Maricopa, to the United States District Court for the District of Arizona pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. Removal is proper under this Court's federal question, diversity, and supplemental jurisdiction.

## BACKGROUND

1.      Plaintiff Katherine Jackson ("Plaintiff") commenced this lawsuit against CMG on February 24, 2026, by filing a Complaint (the "Complaint") in the Superior Court of the State of Arizona, in and for the County of Maricopa, Case No. CV2026-008188 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, documents, and orders served on CMG in the State Court Action are individually attached

TROUTMAN PEPPER LOCKE LLP
100 S.W. MAIN STREET
SUITE 1000
PORTLAND, OR 97204

hereto as **Exhibit A**. A true and correct copy of the state court docket is attached as **Exhibit B**.

2. This Notice of Removal is being filed within thirty (30) days of CMG's receipt of the Complaint on March 2, 2026. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

3. Plaintiff's Complaint alleges that on or about January 19, 2025, USAA wire transferred funds to CMG on Plaintiff's behalf — including $416,763.46 representing the existing mortgage balance — intended to pay down the balance of Plaintiff's mortgage loan on her residence located at 17427 West Wandering Creek Road, Goodyear, Arizona 85338, and that CMG failed to credit those funds to Plaintiff's mortgage account. *See* Compl. ¶¶ 23, 25, 27. Plaintiff brings claims for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; violation of the Truth in Lending Act ("TILA") / Regulation Z, 12 U.S.C. § 1026.36; breach of fiduciary duty; breach of the duty of good faith and fair dealing; and breach of contract.

4. CMG denies the allegations in the Complaint, denies Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner. Nonetheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, she could have originally filed this Complaint in this Court under the Court's diversity jurisdiction because the named parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. Plaintiff could have also filed her Complaint in this Court based on the Court's federal question and supplemental jurisdiction because at least one of her claims arises under federal law, and the remaining claims arise out of the same set of facts as the claims subject to federal question jurisdiction.

### VENUE IS PROPER

5. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is being filed in the United States District Court for the District of Arizona, which is the district in which the State Court Action was filed. Accordingly, venue is proper.

TROUTMAN PEPPER LOCKE LLP
1005 W. MAIN STREET
SUITE 1000
PORTLAND, OR 97204

NOTICE OF REMOVAL TO FEDERAL COURT
326314135v1

## DIVERSITY JURISDICTION

6.      Removal of this action is proper under 28 U.S.C. §§ 1332(a) and 1441(b) because there is complete diversity among the named Plaintiff and Defendant and the amount in controversy exceeds $75,000.

**Complete Diversity**

7.      Plaintiff alleges she is an Arizona resident. *See* Compl. ¶ 1. She is therefore deemed a citizen of Arizona for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

8.      CMG is a corporation incorporated under the laws of the State of California, with its principal place of business located in California. A corporation is a citizen of the state in which it is incorporated and in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, for purposes of diversity jurisdiction, CMG is a citizen of California.

9.      Accordingly, complete diversity exists between the parties because Plaintiff is a citizen of Arizona and CMG is a citizen of California.

**Amount in Controversy**

10.     Diversity jurisdiction requires the amount in controversy to exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

11.     Here, Plaintiff's Complaint establishes the amount in controversy far exceeds the jurisdictional minimum. Plaintiff alleges a payoff amount on the subject mortgage of $454,286, with total charges and overdrafts of $467,385.70 as of December 28, 2024. *See* Compl. ¶ 22. Plaintiff further alleges that CMG received and failed to apply insurance settlement funds of $416,763.46 to her mortgage account, and that interest and late charges have continued to accrue for more than two years. *See* Compl. ¶¶ 23, 25, 27, 29, 42. Plaintiff also seeks punitive damages, attorneys' fees, and all taxable costs. *See* Compl., Prayer for Relief ¶¶ C, E, F. Although CMG denies Plaintiff's allegations, if Plaintiff prevails on her claims, CMG has a good faith belief that damages will far exceed the jurisdictional minimum.

12.     Given the facts above, the amount in controversy requirement is satisfied.

TROUTMAN PEPPER LOCKE LLP
1005 W. MAIN STREET
SUITE 1000
PORTLAND, OR 97204

13. Because the action is between citizens of different states, and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, this Court has diversity jurisdiction over this action, and this case is removable on that basis. *See* 28 U.S.C. §§ 1332, 1441(b).

## FEDERAL QUESTION JURISDICTION

14. District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States.

15. A case "arises under" federal law if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009).

16. Plaintiff brings Count I under 12 U.S.C. § 2605 (RESPA), alleging CMG failed to respond to written requests for information relating to the servicing of her loan and failed to make appropriate corrections within the timeframes required by federal law. *See* Compl. ¶¶ 44–49.

17. Plaintiff brings Count II under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and its implementing regulation, Regulation Z, 12 C.F.R. § 1026.36, alleging CMG failed to credit a periodic payment to Plaintiff's loan account as of the date of receipt, failed to disclose amounts held in suspense or unapplied funds, and pyramided late fees in violation of federal law. *See* Compl. ¶¶ 50–60.

18. This Court has federal question jurisdiction under Plaintiff's RESPA and TILA claims.

19. Additionally, a state law claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would normally be tried together. *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

TROUTMAN PEPPER LOCKE LLP
1005 W. MAIN STREET
SUITE 1000
PORTLAND, OR 97204

NOTICE OF REMOVAL TO FEDERAL COURT
326314135v1

20. The facts related to Plaintiff's state law claims—breach of fiduciary duty (Count III), breach of the duty of good faith and fair dealing (Count IV), and breach of contract (Count V)—are intertwined with and based upon the same alleged conduct underlying her federal RESPA and TILA claims: Defendant's alleged receipt and mishandling of funds intended to pay down Plaintiff's mortgage. *See* Compl. ¶¶ 61–87.

21. Accordingly, this Court has supplemental jurisdiction over Plaintiff's remaining state law claims because they arise from the same case and controversy as the alleged RESPA and TILA claims. *See* 28 U.S.C. § 1367(a).

22. Removal of this action is timely. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant."). CMG was served on March 2, 2026. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b)(1).

23. Copies of all process, pleadings, and orders served upon CMG in the State Court Action are attached hereto as **Exhibit A**, in compliance with 28 U.S.C. § 1446(a).

24. This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

25. CMG is the only named defendant in this action. There are no other defendants whose consent to removal is required under 28 U.S.C. § 1446(b)(2).

26. By filing this Notice, CMG does not waive and expressly reserves any defenses that may be available to it (including without limitation defenses relating to jurisdiction) and does not concede that the allegations in the Complaint state a valid claim under any applicable law.

27. CMG reserves the right to submit at an appropriate time and under appropriate confidentiality protections factual support, evidence, and affidavits to support the foregoing bases for federal jurisdiction, should additional information or evidence become necessary.

28. CMG reserves the right to supplement or amend the foregoing Notice of Removal to add other bases for federal jurisdiction that become apparent as a result of any amended complaint filed by Plaintiff in this Action.

TROUTMAN PEPPER LOCKE LLP
1005 W. MAIN STREET
SUITE 1000
PORTLAND, OR 97204

326314135v1

**WHEREFORE**, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. §§ 1331 and 1332, CMG respectfully removes this case from the Superior Court of the State of Arizona, in and for the County of Maricopa, to the United States District Court for the District of Arizona.

Respectfully submitted on March 23, 2026

**TROUTMAN PEPPER LOCKE LLP**

By: */s/ Kate M. Geyer*
Kate M. Geyer

Attorney for Defendant
CMG Mortgage, Inc.

TROUTMAN PEPPER LOCKE LLP
1005 W. MAIN STREET
SUITE 1000
PORTLAND, OR 97204

326314135v1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2026, the foregoing *Notice of Removal to Federal Court* was filed electronically.  Notice will be sent to all parties by operation of the Court's electronic filing system, and a copy of the foregoing was served by First Class Mail on the following:

John N. Wilborn
SL CHAPMAN LLC
7135 E. Camelback Rd., Suite 230
Scottdale, Arizona 85251
Tel: (480) 418-5400
Fax: (480) 805-5590
docket@championsfortheinjured.com

*Attorney for Plaintiff*
*Katherine Jackson*

TROUTMAN PEPPER LOCKE LLP
100 S.W. MAIN STREET
SUITE 1000
PORTLAND, OR 97204

- 7 -
NOTICE OF REMOVAL TO FEDERAL COURT

326314135v1